IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CRUTCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE FOODS CORP.,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Robert Crutchfield ("Plaintiff" or "Mr. Crutchfield"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Golden State Foods ("GSF") for violations of his rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA") and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Golden State Foods does business in and is engaged in commerce in the State of Alabama and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because resides in this district and a substantial part of the events and omissions that give rise to claims occurred in this district.

5.

At all times relevant to this Complaint, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA. During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

6.

From November 1, 2021 to December of 2023, Mr. Crutchfield was paid on an hourly basis, without overtime compensation for thousands of correspondences and messages sent off-the-clock, calculated at one and one-half times regular rate, for some of the hours worked in excess of 40 in a work week.

7.

Rather than pay time and a half for all overtime hours, had to work overtime hours off the clock. Golden State Foods had knowledge that Mr. Crutchfield was working overtime hours off the clock. Mr. Crutchfield raised this issue to multiple employees of Golden State Foods, from Plant Manager Jason Prince, his Direct Report Supervisor and Facilities Engineering Manager Paul Howell and Vice President Nathan Murphy.

**PARTIES**

8.

Mr. Crutchfield is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendant was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District.

10.

Golden State Foods may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, Inc., located at 641 South Lawrence Street, Montgomery, Alabama, 36104.

## FACTUAL ALLEGATIONS

11.

Mr. Crutchfield began working for the Defendant on November 1, 2021 as a Waste Water Plant Operator.

12.

Mr. Crutchfield made $22.00 per hour and normally worked between 40 and 60 hours per week.

13.

Mr. Crutchfield sometimes worked in excess of 70 hours per week.

14.

The entire time that Mr. Crutchfield was working for Defendant, he received multiple text messages and calls while off the clock, totaling to thousands of communications while off the clock over the years.

15.

For example, when an alarm went off in the Waste Water Plant, Mr. Crutchfield would receive multiple phone calls and alerts related to the alarm while off the clock.

16.

Mr. Crutchfield would also receive phone calls and alerts, and would sometimes have to return to work or respond to the work-related messages.

17.

Mr. Crutchfield was never paid for any of this time that he worked off the clock.

18.

Mr. Crutchfield raised this issue to multiple employees of Golden State Foods, including Plant Manager Jason Prince, his Direct Report Supervisor and Facilities Engineering Manager Paul Howell and Vice President Nathan Murphy.

19.

In response, Prince told him that he "should not be expected to respond to" correspondence while off the clock, however, the correspondence never stopped, Mr. Crutchfield continued to be obliged to respond, and Mr. Crutchfield was never paid for his time.

20.

In addition, Mr. Crutchfield developed a serious medical condition after working 6 days of 12-hour shifts for Golden State Foods.

21.

Mr. Crutchfield reported the injury to his manager, Paul Howell, via text.

22.

The next day, Crutchfield showed the hernia to his manager and left work to go to the doctor's office.

23.

Mr. Crutchfield was required to have surgery and was told he could not lift for 4-6 weeks.

24.

Mr. Crutchfield spoke to his manager, Paul Howell, who told him he could return as a trainer even if only 10% healed, with help for lifting tasks.

25.

Based on this, Crutchfield's doctor signed a letter stating that Crutchfield had no restrictions.

26.

However, Golden State Foods refused Mr. Crutchfield's release and instead sent him to a different provider.

27.

That provider, who was not Mr. Crutchfield's primary physician, placed Mr. Crutchfield on a no lifting of 25 pounds or more for an additional 6 weeks starting August 31, 2023.

28.

After the six weeks passed, Mr. Crutchfield appeared for work and requested an accommodation of a desk or cubicle with equipment that would help his medical condition.

29.

Instead, the company refused Mr. Crutchfield any accommodations and put him out for work for an additional six weeks.

30.

Mr. Crutchfield was subsequently released to work with no restrictions by the company approved provider on November 21, 2023.

31.

However, the first day Mr. Crutchfield appeared for his shift, his supervisor told him that he owed $300 for medical insurance that the company paid while he was on approved leave for work-related injuries.

32.

Mr. Crutchfield worked his full shift on November 27, 2023.

33.

He then took 2 days' vacation and intended to return to work on December 4, 2024, when he received a letter telling him he could not come back until he participated in an interactive process.

34.

However, Mr. Crutchfield had been released to work without any restrictions at this point, so he would have no need for an accommodation or an interactive process.

35.

Mr. Crutchfield agreed, nevertheless, to participate in an interactive process.

36.

Golden State Foods however, deducted his entire paycheck-- $702.31 for "medical" without notifying Mr. Crutchfield that they were going to take the money.

37.

To date, Mr. Crutchfield has not been paid by Golden State Foods at all since October 19, 2023, when his workers' compensation payments stopped.

38.

Mr. Crutchfield was never placed back on the schedule.

39.

Defendant purports to have a legitimate, non-discriminatory reason for Mr. Crutchfield not being returned to work, but this reason is pretext.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

40.

Mr. Crutchfield repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

41.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that worked in excess of forty (40) hours in given workweeks.

42.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

43.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

44.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that was working unpaid overtime hours.

## **COUNT II: VIOLATIONS OF THE**

## **FAMILY MEDICAL LEAVE ACT-RETALIATION**

45.

Mr. Crutchfield repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

46.

Defendant is an employer as defined by the FMLA.

47.

Plaintiff was an eligible employee under the FMLA who worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA. He was employed by the Defendant for more than 12 months.

48.

Because Plaintiff was an eligible employee, he was entitled to medical leave and other protections pursuant to the FMLA. In addition, Plaintiff had a medical condition that required him to take time off work.

49.

Defendant retaliated against Mr. Crutchfield by refusing to place him back on the schedule on multiple occasions after he attempted to return from leave.

50.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

51.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, prays for judgment as follows:

(a) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(c) Enter judgment against Defendant and awarding Plaintiff liquidated damages pursuant to the FMLA, pre-judgment interest on liquidated damages, court costs, expert witness fees, and all other remedies allowed under the FMLA;

(d) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(e) Grant Plaintiff leave to add additional state law claims if necessary; and

(f) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 1st day of November, 2024.

**BARRETT & FARAHANY**

s/ *Constance Cooper*
Constance Cooper
Alabama Bar No. 4276G33S

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(470) 730-4127
constance@justiceatwork.com